WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Michele Lee,

Plaintiff,

vs.

State Farm Mutual Automobile Insur. Co.,

Defendant.

No. CV 03-624-TUC-HCE

**ORDER**

Pending before the Court is Defendant's Motion for Reconsideration of Court's March 31, 2006 Order Granting Plaintiff's Motion for Summary Judgment.

The Magistrate Judge has jurisdiction over this matter by consent of the parties pursuant to 28 U.S.C. § 636(c).

**I. Standard**

The Court's Order granting Plaintiff's Cross-Motion for Summary Judgment and denying Defendant's Cross-Motion for Summary Judgment was entered on March 31, 2006. Defendant filed a time-compliant Motion for Reconsideration on April 12, 2006. Pursuant to Local Rule 7.2(g) of the Rules of Practice of the U.S. District Court for the District of Arizona, the Court directed Plaintiff to respond to Defendant's Motion for Reconsideration. Defendant was also permitted to file a reply.

Although Defendant did not indicate which Federal Rule of Civil Procedure governed the Motion for Reconsideration, a Motion for Reconsideration of Summary Judgement is appropriately brought under either Rule 59(e) or 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437 (9th Cir. 1991). Treating the Motion for Reconsideration as one brought under Rule 59(e) is proper if the movant raises arguments not previously considered and rejected by the court. *Taylor v. Knapp*, 871 F.2d 803 (9th Cir. 1989).

Defendant argues that "...this Court interpreted various Arizona transportation statutes related to vehicle maintenance and removal of roadway debris as imposing strict liability or negligence *per se*. None of these statutes were briefed by the parties in their moving papers. In fact, the only time these statutes were ever raised prior to this Court's issuing the Order was at oral argument of the cross-motions." (Defendant's Motion for Reconsideration, pp. 1-2) While it is true that Defendant did not specifically address the issue of Arizona transportation statutes in its Cross-Motion for Summary Judgment, Defendant's discussion at oral argument of those Arizona transportation statutes in the context of negligence, the Uninsured Motorist Act, and the policy in question herein covered the same factual issues. *Fuller*, 950 F.2d at 1442. ("Treating the motion for reconsideration as one brought under Rule 59(e), the trial court did not abuse its discretion in denying the motion" where party's previous "discussion...covered the same factual issues" under different legal theory).

Reconsideration under Rule 59(e) is appropriate if the court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *School District No. 1J, Multonomah County, Oregon v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration under Rule 60(b) is appropriate upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Under either rule, none

of these factors are present nor was any argument made that Defendant's case falls within any one of the considerations of either rule.

## II. DISCUSSION

### A. Negligence *per se*

Negligence *per se* applies upon violation of a specific requirement of law whereby conduct can be measured versus an otherwise general principle. *Hutto v. Francisco,* 107 P.3d 934, 937 (Ariz. App. 2005) (finding the general principle in A.R.S. § 28-921(A)(1)(a) that "vehicles must be safely maintained" is an insufficient specific standard by which conduct must be measured). General principles such as "equipment on the vehicle is in good working order" or "safe mechanical condition" A.R.S. § 28-981(A)(1),(2); or "[i]s in an unsafe condition" A.R.S. § 28-921(A)(1)(a) do not rise to the level of negligence *per se*. It is when there is a statutorily imposed duty of care whereby conduct can be measured that negligence *per se* exists: a person who drops or permits to be dropped or thrown on a roadway any destructive or injurious material shall immediately remove the material or cause it to be removed, A.R.S. § 28-898(B); a person shall not drive or move a vehicle on a highway unless the vehicle is constructed or loaded in a manner to prevent any of its load from dropping from the vehicle and a person shall not operate a vehicle on a highway with a load unless the load and any covering on the load are securely fastened in a manner to prevent the covering or load from becoming loose, detached or in any manner a hazard to other users of the highway. A.R.S. § 28-1098(A),(B). *See also Smith v. Johnson,* 899 P.2d 199, 204 (Ariz. App. 1995) (A.R.S. § 28-772 requiring that a left-turning driver must yield to oncoming traffic regardless whether he diligently looked for traffic is "a 'negligence *per se'* statute"); *Newman v. Piazza*, 433 P.2d 47, 51(Ariz. App. 1967) (jury was instructed that it would be negligence *per se* to violate A.R.S. § 28-730(A) that requires that a "...driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard [f]or the speed of the vehicles and the traffic upon and the condition of the highway.")

> Where a valid statute, enacted for the public safety, or governmental regulations made in pursuance thereof, provide that a certain thing must or must not be done, if a failure to comply with the regulations is the proximate cause of injury to another, such failure is actionable negligence *per se*.

*Griffith v. Valley of the Sun Recovery and Adjustment Bureau, Inc.*, 613 P.2d 1283, 1285 (Ariz.App. 1980).

Herein, a specific duty to maintain, use or operate a motor vehicle so as to not drop or permit to be dropped any object that is injurious or destructive to others, be it from the vehicle itself or from a load that is being carried, is imposed and in the event such does occur, one is duty bound by statute to immediately remove that object.

B. *Res Ipsa Loquitur*

Defendant argues that *res ipsa loquitur* does not apply in tire blow-out accident cases. Defendant's reliance on the cited cases is misplaced, because such cases are inapposite to the circumstances of Plaintiff's case herein.

The doctrine of *res ipsa loquitur* is a rule of circumstantial evidence where negligence is inferred because in common experience the incident does not ordinarily occur in the absence of negligence on someone's part. In the instant case, Plaintiff is an innocent driver who maintains not that there was negligence in the manufacture of a tire that came off another's vehicle, but rather, that there was negligence by another who failed to meet his or her statutorily imposed duty to remove from the highway objects or destructive material that come off, drop off, or otherwise fall from his or her vehicle. (*See* TR. p. 39 lines 16-25, p. 40 lines 1-24, p. 44 lines 12-17)

Cases cited by Defendant do not stand for the proposition that *res ipsa loquitur* is inapplicable in tire blow-out accident cases. Rather, *res ipsa loquitur* is inappropriate under the specific facts presented therein.

(1) *Gladney v. Milam*, 911 So.2d 366 (La. App. 2005): *Res ipsa loquitur* is not appropriate where Plaintiff's experts were unable to physically examine the tire; did not know the air pressure of tire at time of accident; did not know when tire was last checked;

and could only speculate that the tire was defective given visible damage to tire depicted in photographs.

(2) *Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276 (5th Cir. 1975): *Res ipsa loquitur* is not appropriate where the mere fact that accident occurred, and nothing else, is alleged. Thus, a presumption did not arise that the accident was due to any act of negligence or other breach of duty by the manufacturer of a tire, in turn citing:

(a) *United States Rubber Co. v. Bauer,* 319 F.2d 463 (8th Cir. 1963): *Res ipsa loquitur* does not apply to fact situation where there is an absence of appropriate control on the part of the manufacturer over the instrument in question at the time of the accident; and

(b) *Senter v. B.F. Goodrich, Co.,* 127 F.Supp. 705 (D.Colo. 1954): *Res ipsa loquitur* is not appropriate where there was no evidence that at the time of the construction of the tire the manufacturer was negligent either through acts of commission or omission.

(3) *Goodyear Tire & Rubber Co., v. Hughes Supply, Inc.,* 358 So.2d 1339 (Fla. 1978): *Res ipsa loquitur* provided no inference of a manufacturer's negligence in tire blowout cases where the blowout occurred after possession and significant use by another.

(4) *Jones v. Bush,* 120 S.E.2d 382 (Va. 1961): *Res ipsa loquitur* is not applicable where defendant drove vehicle for 300 miles with reduced pressure in tires and relinquished exclusive control of vehicle to service station operator who later was attempting to inflate tire on vehicle when it exploded.

(5) *Markwell v. General Tire & Rubber Co.,* 367 F.2d 748 (7th Cir. 1966): *Res ipsa loquitur* is not appropriately applied where there is absence of proof of existence of a defect in a tire that collapsed but did not blow out. The manufacturer had no control over the tire at the time of the accident given that it had been driven on for seven months. Thus, there was no more probability that the tire had a defect when it left the manufacturer's possession than that it was subsequently created.

(6) *Phillips v. Carroll,* 379 S.W.2d 143 (Mo. App. 1964): *Res ipsa loquitur* was not appropriate where plaintiff brought tire to defendant service station operator for repair and after it was returned to plaintiff it exploded while plaintiff was handling it. Under Missouri law, the doctrine of *res ipsa loquitur* is not applicable unless control or the right and duty of control of the instrumentality causing the injury is in the defendant at the time of injury. The plaintiff conceded that the defendant did not have control or right to control the tire at the time of the accident and thus the facts pleaded were insufficient to state a cause of action under Missouri law.

(7) *Shramek v. General Motors Corp.,* 216 N.E.2d 244 (Ill.App. 1966): *Res ipsa loquitur* is inapplicable where, after the tire blew out causing an accident, it was superficially examined by the plaintiff at the junk yard but not preserved. The tire was never subjected to an examination which would reveal that the blowout was due to a pre-existing defect. Moreover, the tire had been driven on for over 10,000 miles and was not in defendant's exclusive control at the time of the accident.

(8) *Williams v. U.S. Royal Tires,* 101 So.2d 488 (La. App. 1958): *Res ipsa loquitur* does not apply wherein a tire blows up on a vehicle being driven causing an accident and plaintiff's pleading conceded that she did not know what caused the accident nor what caused the tire to blow out. It could not be presumed or said that the tire blew out because of a defect.

(9) *Wojciuk v. United States Rubber Co.,* 120 N.W.2d 47 (Wis. 1963): *Res ipsa loquitur* is not applicable wherein a tire on a vehicle blew up causing an accident and plaintiff's expert was deemed to not have the qualifications to express an opinion that the blow out was due to a defect. The probability that the defect caused the injury was no greater than that it was created by subsequent occurrences.

## III. CONCLUSION

Defendant's reliance on the aforesaid cases for the proposition that in the absolute *res ipsa loquitur* is not applicable in tire blow out cases is misplaced. The aforesaid cases do

clearly show that the elements of *res ipsa loquitur*, by either the facts or pleadings, were not satisfied. Plaintiff herein, as the record reflects, is not maintaining that the tire tread she sought to avoid was defectively manufactured and that, as Defendant would argue, *res ipsa loquitur* is not applicable. Rather, the negligence of a functionally uninsured unidentified motorist, proven inferentially by *res ipsa loquitur*, in not complying with specific statutorily imposed duties is the proximate cause of the accident and her resulting injuries. Under *res ipsa loquitur*, it is not essential that the possibility of other sources of the tire tread be altogether eliminated but only that their likelihood be so reduced that the greater probability lies at the door of the unidentified motorist herein.

Upon review of the March 31, 2006 Order in light of Defendant's Motion for Reconsideration, the Court declines to vacate or otherwise alter such Order. Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration (Doc. No. 63) is DENIED. The March 31, 2006 Order granting Plaintiff's Cross-Motion for Summary Judgment and denying Defendant's Cross Motion for Summary Judgment stands.

DATED this 10th day of October, 2006.

Héctor C. Estrada
United States Magistrate Judge